[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKESPECIAL DEFENSES (#109)
The plaintiff has brought a complaint alleging that he was CT Page 2633 fired by the defendant because he filed two claims for Worker's Compensation benefits. The defendant has countered with two special defenses, the first of which asserts that the plaintiff failed to exhaust his administrative remedies under § 31-313
of the Worker's Compensation Act. The second special defense asserts that such Act provides the plaintiff exclusive remedy for his claims.
The plaintiff has moved to strike these special defenses arguing that he does not have to make a claim under § 31-313
as a condition precedent to bringing a wrongful termination claim under § 31-290(a). The plaintiff further argues that § 31-290(a) expressly gives him the option of bringing suit or filing a claim before the Worker's Compensation Commission.
The defendant argues that the plaintiff's claim is nothing more than a § 31-313 claim disguised as a § 31-290(a) claim in order to circumvent the exclusive jurisdiction of the Worker's Compensation Commission.
The ultimate issue here is whether upon a broad reading of these special defenses facts provable under their allegations would support a defense to this action. It is the special defenses which must be liberally read as they are the subject of the motion to strike. The defendant finds itself in the bizarre position of arguing the broadness of the complaint. Nevertheless the court must compare the complaint and the special defenses to reach its conclusion.
If the complaint is arguably based upon a violation of § 31-313, the defendant is correct in stating the Worker's Compensation Commission has exclusive jurisdiction over this claim. It is equally clear to the court that if the complaint states a wrongful termination claim under § 31-290(a), which is not based at all or in part upon a violation of § 31-313, the special defenses under attack have no relevance and are not viable. That is so because a claim for wrongful termination because of the filing of Worker's Compensation claims is expressly allowed and does not require the exhaustion of administrative remedies. Such an action may be brought in court or before the Worker's Compensation Commission at the option of the plaintiff. Conn. Gen. Stats. § 31-290a(b).
Upon review of the complaint, the court concludes that the plaintiff has neither characterized nor pleaded his claim as one CT Page 2634 arising out of § 31-313. This is fatal to the defendant. The plaintiff disavows any § 31-313 claim. No fair reading of the allegations of the complaint suggests any such claim. The defendant attempts to inject a § 31-313 issue into the complaint by a strained interpretation of isolated language and by reference to equivocal deposition testimony of the plaintiff which is obviously outside the record. The issue here is to be determined upon the face of the pleadings. The defendant cannot force the plaintiff to make or concede claims to support special defenses that otherwise have no relevance even when read liberally because they are the subject of a motion to strike.
The court has reviewed the cases attached to the defendant's memorandum and finds them inapplicable. In Lasky v. MarriottInternational, Inc., No. 3: 94 CV 2054, (AHN) (D. Conn. May 2, 1995), Judge Nevas concluded that the plaintiff had alleged a violation of § 31-290a arising out of a violation of § 31-313. However, he did so upon reviewing the content of a series of allegations that tracked a § 31-313 claim including an express reference to that section. Similarly, in Wright v. Turner Seymour Mfg. Co., 1991 WL 126037, No. 54079 (Litchfield, 1991), Judge Pickett relied on an express reference to a § 31-313
claim. Upon the face of the complaint here this court cannot make the quantum leap required to support the defendant's position.
The motion to strike is granted. However if the court has misread the plaintiff's complaint and a § 31-313 claim surfaces at trial, the defendant is free to ask the trial court to revive these special defenses.
Licari, J.